### FIRST NATIONAL BANK OF LAFAYETTE

v.

### THE Oil Screw TIGER SHARK, Her Engines, Tackle, Apparel, Etc.,

and

### Morrison Gisclair and Morel Martin.

No. 3720.

United States District Court
E. D. Louisiana,
New Orleans Division.
April 7, 1959.

James J. Morrison, New Orleans, La., for libelant.

Comiskey & Schaff, New Orleans, La., for respondents.

CHRISTENBERRY, Chief Judge.

The Court having heard the evidence and the arguments of proctors, and having taken time to consider the matter, hereby makes the following findings of fact and conclusions of law:

### Findings of Fact

#### I.

Respondents, Gisclair and Martin, signed as co-makers the negotiable promissory note in suit dated April 5, 1957, in the principal sum of sixteen thousand eight hundred ($16,800) dollars, payable to the order of The Theriot Investment Company, who endorsed said note and delivered same to libelant, The First National Bank of Lafayette, who became the owner thereof, for valuable consideration.

#### II.

The aforementioned note is payable in twenty-four (24) monthly installments of seven hundred ($700) dollars each, the first installment due May 20, 1957, and each month thereafter, with interest at the rate of eight per cent (8%) per annum from maturity and provides for attorney's fees in the amount of ten per cent (10%) on the principal, interest and costs if placed in the hands of an attorney for collection. The note further provides for the acceleration of its maturity on failure to pay installments.

#### III.

Libelant, The First National Bank of Lafayette, acquired said note by endorsement from The Theriot Investment Company in good faith for a valuable consideration and without any notice or knowledge of any defects therein or defenses thereto.

#### IV.

Respondents admitted in their answer that they signed and endorsed the note sued upon, that they received consideration for their signatures, and that they made payments on the note amounting to forty-two hundred ($4,200) dollars. Respondents made no payments on account of principal or interest after January 25, 1958. Libelant has exercised its option to accelerate the maturity of the note. The principal amount due on said note as of January 25, 1958, amounted to twelve thousand, six hundred ($12,600) dollars.

#### V.

The aforementioned note was secured by a Preferred United States Ship Mortgage on the oil screw Tiger Shark, Official Number 266,207, owned by Gisclair and Martin. However, the mortgage security in this case has become immaterial because it appears that the M/V Tiger Shark burned, sank, and became a total loss after the institution of the libel.

### Conclusions of Law

#### I.

The defense raised by respondents that the note they signed was in blank, and that their agent, The Theriot Investment Company, filled same up for a greater amount than authorized is not a good defense against libelant, The First National Bank of Lafayette, who is a holder in due course of said note, under the Negotiable Instruments Law, LSA–R.S. 7:14.

#### II.

The First National Bank of Lafayette, libelant, is entitled to recover from re-

spondents, Gisclair and Martin, jointly, severally and in solido, the balance due on said note, amounting to twelve thousand, six hundred ($12,600) dollars, together with interest at the rate of eight per cent (8%) per annum from January 25, 1958, and together with costs and attorney's fees in the amount of ten per cent (10%) on the principal, interest and costs.